IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1035-11






THE STATE OF TEXAS


v.



ALVARO MAZUCA, Appellant





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Meyers, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N 



 The result fashioned by the majority opens the door for police to ignore the
probable cause requirement and make traffic stops without adequate grounds for doing so.
The majority's analysis of the weight of the Brown factors may be correct, but the result
discounts the trial court's findings as to the credibility of the officers.

 A reviewing court should "afford almost total deference to the trial court's rulings
on questions of historical fact and on application of law to fact questions that turn upon
credibility and demeanor . . . ." Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997); see Keehn v. State, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). The majority
fails to give proper deference to the trial court's rulings, in particular the following:

 2. The trial court having heard the testimony and having evaluated the demeanor of
the witnesses finds that Officer Chavez's testimony that he had a reasonable belief
that Transportation Code 547.322 had been violated to not be credible.


 3. The trial court having heard the testimony and having evaluated the demeanor of
the witnesses finds that Officer Chavez did not have a reasonable belief that the
yellow Mustang had white lights to the rear. 


 7. The trial court finds that [the] yellow Mustang's tail lights emitted red light on
December 11, 2008.


 11. The trial court having evaluated the credibility of the witnesses finds that there
was no other reason for the detain[ment] of the vehicle other than the white lights
to the rear.


 16. The trial court finds that Alvaro Mazuca had not been suspected of any crime
or wrong doing when he was questioned by Officer Chavez.


Based on these findings of fact, the trial court made the following conclusions of law:


 1. The driver of the Mustang did not violate Section 547.322 of the Transportation
Code on December 11, 2008.


 2. The Police Officers did not have probable cause or reasonable suspicion to
perform a traffic stop on that date.


 3. The arrest warrants of the Defendant did not purge the taint of the illegal stop
due to the flagrancy of the police action, the close temporal proximity and the fact
that no Miranda warnings were read.


 In weighing the purpose and flagrancy of the police conduct under Brown, the
majority reasons that the court's application of the law to the facts in determining that the
police action was flagrant was not supported by evidence on the record. Maj. op. at 25-26.
However, there is no evidence indicating that the officers were justified to make the stop
because the taillights emitted red light, rather than only white light. See Dissent (Johnson,
J.) at 2-3 (discussing application of Texas Transportation Code § 547.322). The color
photograph of the vehicle's taillights that was provided to the trial court showed that the
taillights were in compliance with the law. The officer testified to the contrary, thus
lending support of the trial court's determination that the testimony was not credible and
that the officers's conduct was flagrant. The trial court's determination was supported by
the record and involved an evaluation of the credibility of the officers. Thus, the
appropriate action of the reviewing court is to defer to the trial court. 

 Although the majority accepts the trial court's conclusions, maj. op. at 24, it comes
to a contrary decision by determining that the taint of the illegal stop was attenuated by
the discovery of the appellee's arrest warrants. If I had the majority, I would also give
deference to the trial court's findings when considering the flagrancy of the police action
and conclude that the taint of the illegal detention supports suppression of the drugs. 

 Furthermore, the practical effect of the majority's holding is to encourage police
officers to unlawfully stop motorists in the hope that an arrest warrant will be discovered
in the process. A law enforcement officer may lawfully stop a motorist only when the
officer has probable cause to believe that a traffic violation has occurred. Walter v. State,
28 S.W.3d 538, 542 (Tex. Crim. App. 2000) (citing Whren v. United States, 517 U.S. 806,
810 (1996)). As determined by the trial court and supported by the record, the officers
here had neither probable cause nor reasonable suspicion to believe that the driver
violated section 547.322. Accordingly, the stop was illegal and the evidence seized was
rightfully suppressed by the trial court. I agree with the outcome of the court of appeals,
and respectfully dissent.

 Meyers, J.

Filed: May 23, 2012

Publish